# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50861
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2017

Lyle W. Cayce
Clerk

ERIC ALAN TILLOTSON,

> Plaintiff-Appellant

v.

JAMIE ESPARZA, District Attorney of El Paso County, Texas; PATRICIA BACA, Assistant District Attorney Family Violence, County of El Paso, Texas; COUNTY OF EL PASO,

> Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CV-178

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Eric Alan Tillotson filed in the district court a complaint alleging violations of his Second, Fourteenth, and Fifteenth Amendment rights. Construing the complaint as arising under 42 U.S.C. § 1983, the district court dismissed Tillotson's claims for failure to state a claim upon which relief may be granted. Tillotson now appeals to this court.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50861

On appeal, Tillotson has submitted a brief that lays out the factual allegations of his various complaints.  His brief consists of a statement of the issues and lists of interested persons and alleged facts.  He does not address any of the reasons cited by the district court in dismissing his complaint, nor does he provide any legal analysis or argument.  Rule 28 of the Federal Rules of Appellate Procedure requires a brief to set out the appellant's contentions and reasons, with citations to the authorities and portions of the record on which the appellant relies.  Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Tillotson's failure to identify any error in the district court's analysis constitutes a failure to brief, and thus his claims are considered abandoned.  *See Brinkman v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The judgment of the district court is AFFIRMED.